IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

FILED
JUL 26 2013
Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

ANGELA BOLDEN, *on behalf of herself and all those similarly situated,*
1510 Alamo Drive, Apt. 19
Vacaville, CA 95687

　　　　Plaintiff,

v.

U.S. XPRESS ENTERPRISES, INC.
4080 Jenkins Road
Chattanooga, TN 37421

　and

U.S. XPRESS, INC.
4080 Jenkins Road
Chattanooga, TN 37421

　　　　Defendants.

CIVIL ACTION NO: 1:13-cv-245
Collier/Lee

INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT WITH JURY DEMAND

## INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT

Plaintiff Angela Bolden ("Named Plaintiff"), on behalf of herself and those similarly situated ("Collective Action Plaintiffs"), by and through undersigned counsel, hereby complains as follows against Defendant U.S. Xpress Enterprises, Inc. and Defendant U.S. Xpress, Inc. (collectively, "Defendants").

### INTRODUCTION

1. Named Plaintiff initiates the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA"). Defendants intentionally failed to compensate Named Plaintiff and Collective Action Plaintiffs for wages earned while in the employ of Defendants. As a result of Defendants' unlawful actions, Named Plaintiff and Collective Action Plaintiffs have been harmed.

1

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Named Plaintiff's and Collective Action Plaintiffs' federal claims because this civil action arises under a law of the United States and seeks redress for violations of a federal law, 29 U.S.C. § 201 *et seq.*

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendants are deemed to reside where it is subject to personal jurisdiction, rendering Defendants residents of the this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein as if set forth in full.

6. Named Plaintiff is an adult individual with an address as set forth in the caption.

7. Defendants US Xpress Enterprises, Inc. and US Xpress, Inc. are, upon information and belief, Nevada corporations headquartered at the address as set forth in the caption engaged in the hauling and delivery of freight across the United States.

8. Upon information and belief, because of their interrelation of operations, common management, centralized control of labor relations, common ownership, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they may be treated as a single employer for purposes of the instant action.

9. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## COLLECTIVE ACTION ALLEGATIONS

10. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

11. Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of Collective Action Plaintiffs.

12. Specifically, Named Plaintiff seeks to represent a nationwide class of all persons who worked/work in Defendants' Training Program and who were/are subject to Defendants' unlawful pay practices and policies at any point from three years prior to the filing of the instant matter to the present (the members of this putative class are referred to as "Collective Action Plaintiffs").

13. Named Plaintiff's claims are typical of the claims of Collective Action Plaintiffs, because Named Plaintiff, like all Collective Action Plaintiffs, was an employee of Defendants whom Defendants failed to pay minimum wage as required by the FLSA in the last three years.

14. Named Plaintiff will fairly and adequately protect the interests of Collective Action Plaintiffs because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the Collective Action Plaintiffs. Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

15. No difficulties are likely to be encountered in the management of this collective action that would preclude its maintenance as a collective action. The identity of the individual Collective Action Plaintiffs will be easily identifiable from Defendants' records.

16. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records. Named Plaintiff does not know the exact size of the potential class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is estimated to be in the thousands.

17. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are whether Defendants failed to pay the putative class minimum wage for all hours worked, by: (1) Defendants failing to pay at least the federal minimum wage for all compensable hours worked during the initial orientation required of all newly hired over-the-road truck drivers; (2) Defendants failing to pay at least minimum wage for all compensable hours worked by over-the-road truck drivers during training, when such drivers were on assignment for more than 24 hours; and (3) Defendants failing to compensate newly hired drivers at least the federal minimum hourly wage for travel time spent traveling during normal business hours.

18. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of herself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## FACTUAL BACKGROUND

19. The foregoing paragraphs are incorporated herein as if set forth in full.

20. Upon information and belief, Defendants have maintained an unlawful pay system for at least the last three years.

4

21. Named Plaintiff and Collective Action Plaintiffs were subjected to an unlawful compensation system to which Defendants subjected all of their newly hired drivers.

22. Named Plaintiff was enrolled in Defendants' Training Program and was subjected to the policies discussed herein within the last two years.

23. Upon information and belief, Defendants administer payroll to Named Plaintiff and Collective Action Plaintiffs out of a single centralized location in Tennessee.

## THE TRAINING PROGRAM

24. The foregoing paragraphs are incorporated herein as if set forth in full.

25. Defendants operate a six to eight week training program ("Training Program") which they require newly hired drivers to attend at the start of their employment.

26. Named Plaintiff and Collective Action Plaintiffs were/are required to attend trucking school and obtain a valid Commercial Drivers' License prior to enrollment in the Training Program.

27. Throughout the Training Program, Defendants paid Named Plaintiff and Collective Action Plaintiffs a daily rate which amounted to less than the federal minimum wage.

28. The first three days of the Training Program were/are comprised of classroom orientation and testing where newly hired drivers are instructed regarding the rules and regulations of Defendants. These classes and evaluations take approximately 10 hours per day.

29. Upon information and belief, Defendants paid/pay Collection Action Plaintiffs $58-$66 per day during the three-day classroom orientation.

30. Consistent with the policy, Defendants paid Named Plaintiff $58 per day for each 8-10 hour day spent in classroom orientation.

5

31. Defendants' uniform policy and practice of paying newly hired drivers, including Named Plaintiff and Collective Action Plaintiffs, $58-$66 per day for a 10 hour workday results in Defendants compensating Named Plaintiff and Collective Action Plaintiffs between $5.80-$6.60 per hour.

32. Following the classroom orientation, Defendants required/require Named Plaintiff and Collective Action Plaintiffs to complete 6-8 weeks of over-the-road "training" where Named Plaintiff and Collective Action Plaintiffs were/are required to drive and transport cargo while accompanied by a "trainer," an experienced truck driver who is also employed by Defendants. ("driving training").

33. During the driving training portion of the Training Program, Named Plaintiff and Collective Action Plaintiffs remained/remain on assignment for more than 24 hours at a time, and typically remain over-the-road confined to the general area of their assigned truck for at least 6 days per workweek.

34. During the driving training portion of the Training Program, Named Plaintiff and Collective Action Plaintiffs reported/report their time to Defendants via the Qualcomm computer located inside their assigned trucks.

35. Named Plaintiff and Collective Action Plaintiffs report their work status to Defendants via the Qualcomm computer located in their truck using the 4 duty-statuses as defined by the Department of Transportation.

36. A duty status of "1" reported on the Qualcomm Computer means "off duty, not in sleeper berth."

37. A duty status of "2" reported on the Qualcomm Computer means "off duty, in sleeper berth."

38. A duty status of "3" reported on the Qualcomm Computer means "on duty, driving."

39. A duty status of "4" reported on the Qualcomm Computer means "on duty, not driving."

40. Defendants required/require Named Plaintiff and Collective Action Plaintiffs to report their duty status on the Qualcomm Computer the entire time they are on assignment for Defendants.

41. Upon information and belief, Defendants receive the messages sent by Named Plaintiff and Collective Action Plaintiffs in a centralized location which is uniform for all over-the-road truck drivers who participated/particiate in the Training Program.

42. Upon information and belief, Defendants receive such Qualcomm messages at their headquarters in Tennessee.

43. Defendants are hence aware of the hours worked by Named Plaintiff and Collective Action Plaintiffs while they are over-the-road during the driving training portion of the Training Program.

44. Named Plaintiff and Collective Action Plaintiffs regularly reported/report 11 or more hours per day on line status "3" and "4."

45. Per 29 C.F.R. § 785.22, the maximum amount of time an employer may dock an employee who is on assignment for more than 24 hours for sleeping and meal periods is 8 hours per day. The remaining amount of time (16 hours per day) is work time and must be paid.

46. Furthermore, Named Plaintiff and Collective Action Plaintiffs rarely received/receive five hours of uninterrupted sleep, and hence, all time logged in the sleeper berth should have been/should be paid.

47. Accordingly, much of the time reported on lines "1" and "2" was/is compensable work time.

48. Moreover, during Defendants' Training Program, Named Plaintiff and Collective Action Plaintiffs regularly worked/work more than 16 hours per day because they were required to (1) drive the truck; (2) remain in the truck while the truck was actually moving so that they could assist in transporting the cargo; (3) wait for cargo while being limited to the truck and not being permitted to leave the truck; (4) fuel up the vehicle and perform routine maintenance to same; and (5) remain inside the truck when stopped overnight to protect Defendants' and their customer's property.

49. Named Plaintiff and Collective Action Plaintiffs worked no less than 16 hours per day while over the road on assignment during the driving training portion of the Training Program.

50. Defendants' uniform policy of paying Named Plaintiff and Collective Action Plaintiffs during the driving training portion of the Training Program $58 per day amounted to an hourly rate of less than $3.63 per hour.

## UNPAID OVERNIGHT TRAVEL

51. The foregoing paragraphs are incorporated herein as if set forth in full.

52. Named Plaintiff and Collective Action Plaintiffs were/are required to engage in significant amounts of travel during regular business hours that kept/keep them away from home overnight (including but not limited to, *e.g.*, during the orientation program).

53. Named Plaintiff and Collective Action Plaintiffs were/are regularly required to travel to locations that required/require that they stayed/stay overnight and away from home.

8

54. Named Plaintiff and Collective Action Plaintiffs completed/complete this travel during regular business hours.

55. Defendants uniformly failed/fail to pay Named Plaintiff and Collective Action Plaintiffs any compensation for such travel time.

56. Per 29 CFR §785.39, travel that keeps an employee away from home overnight which is completed during regular working hours is work time and must be paid.

57. As a result of Defendants' failure to pay for compensable travel time, Named Plaintiff and Collective Action Plaintiffs have been harmed.

## COUNT I
### Violations of the Fair Labor Standards Act
### (Named Plaintiff and Collective Action Plaintiffs)
### (Minimum Wage)

58. The foregoing paragraphs are incorporated herein as if set forth in full.

59. At all times relevant herein, Defendants were and continue to be an "employer" within the meaning of the FLSA.

60. At all times relevant herein, Named Plaintiff and Collective Action Plaintiffs were/are "employee[s]" within the meaning of the FLSA.

61. The FLSA requires employers, such as Defendants, to minimally compensate employees, such as Named Plaintiff and Collective Action Plaintiffs, at the federal minimum wage rate for each hour worked.

62. As a result of Defendants' failure to include the above-referenced hours in their pay calculation of Named Plaintiff's and Collective Action Plaintiffs' wages, Named Plaintiff and Collective Action Plaintiffs were paid less than the minimum wage for the hours they worked/work for Defendants.

63. Defendants willfully failed/fail to compensate Named Plaintiff and Collective Action Plaintiffs the federal minimum wage.

64. As a result of Defendants' failure to compensate Named Plaintiff and Collective Action Plaintiffs at the federal minimum wage rate, Defendants have violated and continue to violate the FLSA.

**WHEREFORE**, Named Plaintiff and Collective Action Plaintiffs pray that this Court enter an Order providing that:

(1) Certifying the instant action as a "collective action" pursuant to the Fair Labor Standards Act;

(2) Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or customs in violation of federal law;

(3) Defendants are to compensate, reimburse, and make Named Plaintiff and Collective Action Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions;

(4) Named Plaintiff and Collective Action Plaintiffs are to be awarded liquidated damages per the FLSA in an amount equal to the actual damages in this case;

(5) Named Plaintiff and Collective Action Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by the FLSA; and,

(6) Named Plaintiff and Collective Action Plaintiffs are to be awarded all of relief as the Court deems appropriate and just.

Respectfully Submitted,
SWARTZ SWIDLER, LLC

*/s/ Justin L. Swidler*
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
1878 Marlton Pike East, Suite 10
Cherry Hill, NJ 08003
856-685-7420
Attorneys for Plaintiffs
*Pro Hac Vice Motions to be Filed*

Dated: July 24, 2013